CITY OF CARONDELET, Plaintiff in Error, v. LANNAN *et al.*, Defendants in Error.

1. Under the act of December 22, 1824, (R. C. 1825, p. 211,) as well as under the act of February 6, 1839, (Sess. Acts, 1839, p. 210,) the trustees of the town of Carondelet had power to make leases of the common of the town;

they might under said act, in accordance with a town ordinance to that effect, make leases containing a clause of forfeiture for nonpayment of rent reserved; such forfeiture, when declared in proper form, could not be relieved against, although no demand of rent had been previously made. (Taylor v. Carondelet, 22 Mo. 105, affirmed.)

## Error to St. Louis Land Court.

This was an action in the nature of an action of ejectment to recover possession of a lot in Carondelet common, that had been leased by the town of Carondelet in the year 1838. It is claimed by Carondelet that there was a forfeiture of the lease. The defendants set up in their answer that the lot in controversy had been leased by the town of Carondelet in the year 1838 to one Joseph Vient (under whom defendants claim) for the term of ninety-nine years; that the rent was duly paid until March 14, 1851, when, by accident, the tenant omitted to pay the rent due on that day, no demand having been made for the same; that on July 10, 1852, the lessor declared the lease forfeited for nonpayment of said rent, but never reëntered nor took possession of the premises, nor demanded possession thereof until the commencement of this suit; that afterwards, to-wit, some time in the year 1852, so soon as the tenant was advised that the rent was in arrear and unpaid, a tender was made to the lessor of the whole amount of the rent in arrear and unpaid; that said lessor refused to receive the same. Defendants prayed that plaintiffs might be decreed to receive said tender in full satisfaction and discharge of said arrearages; that defendants might be decreed to be entitled to the possession of the premises sued for as against plaintiff; and that they might be relieved against said forfeiture.

The plaintiff replied to this answer. To this replication there was a demurrer. The court sustained the demurrer, and set aside the forfeiture. The circumstances under which this forfeiture was declared are sufficiently set forth in the opinion of the court.

*Casselberry*, for plaintiff in error.

I. The case is substantially the same as the cases of Wood-

City of Carondelet v. Lannan.

son v. Skinner, 22 Mo. 13 ; and Taylor v. Carondelet, 22 Mo. 105. The board of trustees had as full power before as after the act of 1839 to pass ordinances authorizing the leasing of their commons and of adding penalties and forfeitures.

*N. Holmes*, for defendant in error.

I. This case does not come within the principle of Taylor v. Carondelet, 22 Mo. 105. That case turned on the special provisions of the act of February 6, 1839, and the force of an ordinance passed in pursuance thereof in 1845, under which the lease in that case was made. This lease was made before that act was passed, by virtue of the general powers of the corporation, as an incorporated town, incorporated by an order of the county court, in 1832, under the act of 1825 (R. C. 1825, p. 764). The acts of 1825 and 1835 did not constitute the board of trustees a miniature general assembly and give them special " legislative powers on the subject of leases" as the act of 1839 did, as held by this court in Taylor v. Carondelet. The ordinance of March 3, 1838, authorizing the board of trustees to lease the commons in the name of the corporation, merely directed them so to make the leases that they could " annul" them and " reënter" for non-payment in six months ; and accordingly a stipulation to that effect was inserted in the lease as a part of the contract. It is, in effect, no more than the ordinary clause of forfeiture in a lease between private individuals. In such cases as this the courts grant relief. (2 Sto. Eq. § 1315, 1316, 1323 and note 3 ; 1 Spence Eq. Jur. 630 ; 2 White & Tud. L. C. 460 ; Bowser v. Colby, 1 Hare, 128 ; 1 Eden on Injunctions, 44 ; 2 Platt on Leases, 475–482 ; Taylor, Landlord and Tenant, § 495.)

RICHARDSON, Judge, delivered the opinion of the court.

We do not see how this case can be distinguished on principle from Taylor v. Carondelet, 22 Mo. 105. In 1839 the general assembly authorized the trustees of the town of Carondelet to grant leases of the common belonging to the

town, and invested them with all the power necessary to carry into effect the objects of the act. (Sess. Acts, 1839, p. 210, § 2, 6.) On the 12th day of July, 1845, the trustees passed an ordinance directing that the lots in survey No. 3 should be leased, and required that the leases should contain a provision to the effect that should the rent reserved in any lease or any part thereof remain unpaid for six months after the same became due, the board of trustees might by resolution declare the lease terminated and void, and the same shall expire and be determined from that day. The lease under which Taylor claimed was made under this ordinance, and contained a stipulation that if at any time the rent for six whole months should be in arrear and unpaid, the trustees of the town might terminate the lease by an order or resolution to be entered on record among the acts and proceedings of the board. The court held that " the corporation, in its political capacity, having required the insertion of the clause of forfeiture, it is as though it had been done by the legislature," and that the forfeiture, being incurred under the provisions of a law, could not be relieved against in equity.

We do not propose to review this case nor to discuss the reasoning or authorities that support it, and it is therefore sufficient for us to say that it has been decided, and in our opinion is decisive of the case at bar. So far as the act of 1839 delegated to the corporation of Carondelet any of the legislative powers of the general assembly, it has accomplished by the second section, which simply empowered the trustees to grant leases of the common; for the sixth section, which declared that the board of trustees should possess all the power and authority necessary to carry into effect the objects of the act, and to do all acts that might be proper for that purpose, was unnecessary and did not enlarge the power previously granted; because the grant of power in the second section carried with it by implication the right to employ the necessary means to give it.

The act of 1824 concerning common, which was continued

in force by the revised laws of 1835, enacted that when any city, town or village had a common annexed to it, the trustees or a body corporate of such city, town or village might lease the same or any part thereof, reserving a yearly rent. (R. C. 1825, p. 211.) This law is quite as potential and delegated as much of the power of the state to the trustees of Carondelet as was conferred by the act of 1839. Under the authority of this law the trustees of Carondelet passed an ordinance on the third day of March, 1838, which directed that the common south of the river Des Peres should be leased for the term of ninety-nine years, and provided that " should the rent or any part or portion thereof remain unpaid six months after the time at which the same shall become due, the board of trustees may annul the lease and reënter upon the property leased, without molestation or hindrance on the part of the lessee." Pursuant to the provisions of this ordinance the land in controversy was leased by the trustees of the town to Joseph Vient, on the 24th March, 1838, and it was stipulated in the lease that if at any time the annual rent reserved should be in arrear and unpaid for six months, the lessors, or their successors in office, might declare the lease forfeited by order or resolution entered on record among the acts and proceedings of the board, and might enter and take possession of the demised premises free from any claim of the delinquent lessee or his assigns.

It appears that the annual rent that became due on the 14th March, 1851, was in arrear and unpaid for more than six months, and for that reason a resolution was passed on the 10th day of July, 1852, by the city council of the city of Carondelet (being the successors to the board of trustees), and entered on the record among the acts and proceedings of the council, which declared the lease forfeited.

The stipulations in the lease in this case, and in Taylor's case, and the provisions of the ordinances of 1838 and 1845 under which they were respectively made, and the proceedings of the city council to annul the leases, are substantially the same in every particular ; and the only possible distinc-

tion that can be taken between the cases is in relation to the acts of 1829 and 1838, and these acts, in our opinion, confer the same general powers, and are not unlike in any respect material to the questions in this case.

The judgment will be reversed and remanded; the other judges concurring.