HUTH'S ADMINISTRATOR, Defendant in Error, v. CITY OF CARONDELET, Plaintiff in Error.

1. Taylor v. Carondelet, 22 Mo. 105, affirmed.

*Error to St. Louis Land Court.*

This was a proceeding to set aside a forfeiture of a lease executed in favor of plaintiff's intestate, in April, 1846, by the board of trustees of the town of Carondelet. It appears from the finding that Huth (plaintiff's intestate) died in the year 1849; that he paid the rent during his life; that Du Bouffay Fremon, public administrator, took charge of his estate on the 22d day of June, 1850; that he paid to the authorized agent and collector of the board of trustees the rent up to April 4, 1850; that July 10, 1852, the city of Carondelet passed an ordinance annulling said lease for non-payment of rent reserved which had remained unpaid for more than six months after the same became due; that Fremon was ever ready to pay said rent; that no demand was made, but that Thomas Chartrand, the duly authorized agent of the board of trustees for the collection of the rent accruing on the lease for the year ending April 4th, 1851, agreed with Fremon and promised to call on him and receive the said rent for the said year when the same should become due and payable; that said Chartrand failed to do so, and by reason thereof the said rent was not paid; that in the latter part of the year 1852 said Fremon tendered to defendant all the rent that had then accrued for the years

ending April 4, 1851, and April 4, 1852, together with interest to the time of the tender.

The court set aside the forfeiture.

*Casselberry*, for plaintiff in error.

I. The agent had no power to make the agreement in evidence. There was no authority to extend the time. The city council never knew that he had made any arrangement of the kind until long after the lease had been forfeited.

*Whittelsey*, for defendant in error.

I. Equity will relieve of forfeiture on the ground of accident. (2 White & Jud. L. C. 464; 3 Ves. 693; T. & R. 434; 1 Hare, 128.) The defendant is but a corporation, and the provisions of its lease, although required by ordinance, are but contracts and covenants of the parties, as between landlord and tenant. (Major v. Bailey, 2 Denio, 443; Grant on Corp. 129.) The rule that equity can not relieve against a statute does not apply to this case.

RICHARDSON, Judge, delivered the opinion of the court.

The lease in this case was made under the same law and ordinance, and is precisely similar in all its provisions to the lease in the case of Taylor v. Carondelet, 22 Mo. 105; and we do not see how this judgment can be affirmed consistently with the opinion in that case.

The circumstance that the collector of Carondelet promised the plaintiff to call upon him for the annual rent and failed to do so, presents a case of hardship which is more properly addressed to the corporate authorities in considering an application to have the resolution declaring the forfeiture rescinded than to the court. It was the plaintiff's duty to pay the rent without a demand, and it is his misfortune that he relied on the collector's promise. He acted, no doubt, on assurances that would have misled the most prudent man; but the agent was a mere ministerial officer, and it does not appear that he had any power to grant indulgence or to re-

lieve the plaintiff from the consequences of his own negligence or that of any other person. If a collector of the public revenue should promise a person to extend the time for the payment of his taxes, and not to return him a delinquent, but from forgetfulness or any other cause should report the taxes unpaid, which would result in the advertisement or sale of the property for taxes, it would not be thought that the owner could obtain any relief in the courts ; and we do not discover the principle in equity by which the plaintiff in this case can be relieved against a forfeiture which has been held to be the work of a statute.

All the judges concurring, the judgment will be reversed.