CITY OF CARONDELET, Appellant, v. HERMAN WOLFERT, Respondent.

*Landlord and Tenant — Lease — Forfeiture — Municipal Corporation.* — The courts cannot relieve against a forfeiture of a lease declared by a municipal legislative body; but to give validity to such a forfeiture the action of the council must conform to all the requirements of the charter—Graham v. City of Carondelet, 33 Mo. 262, affirmed. Before the forfeiture is completed by the approval by the mayor of the resolution of the council, the lessee may tender the rent due and thus avert the penalty.

*Appeal from St. Louis Land Court.*

This was an action of ejectment to recover possession of lot 28 of the common of Carondelet. The cause was tried by the court sitting as a jury.

At the trial, the plaintiff gave evidence of the incorporation of the town of Carondelet in 1832, by the judgment of the Circuit Court; and, also, of ordinance No. 78 of the town of Carondelet, approved March 13, 1845, providing for the lease of the common. Sec. 5 of this ordinance was in the following words:

"The lease shall contain a provision to the following effect, viz.: that should the rent reserved as aforesaid, or any part thereof, on any lease remain unpaid for six months after the same shall become due, the board of trustees may by resolution declare such lease terminated and void, and the same shall expire and be determined from that day."

The plaintiff then read in evidence a lease from the Town of Carondelet to Patrick Tiernan, for 99 years, of lot 28 of the common. The rent reserved was one $\frac{72}{100}$ dollars yearly, "payable at the end of each and every year during the continuance of said term," and contained this covenant: "that if at any time the rent aforesaid for six whole months shall be in arrears and unpaid, the said parties of the first part * * * may terminate this lease by order or resolution to be entered on record among the acts and proceedings of the said board; and may take possession," &c. This lease was dated

April, 1846; and on January 15, 1847, Tiernan assigned this lease to John Regan, under whom defendant held the land.

The plaintiff then read the charter of 1860 of the City of Carondelet (January 16, 1860).

The plaintiff then produced the book of the proceedings of the common council of Carondelet, and read therefrom the whole proceedings of a meeting held on the 28th November, 1860. Among these proceedings was the following resolution presented by Mr. Hill, " which was adopted":

. " Whereas the sums of money reserved in the form of rent upon the leases hereinafter mentioned, and granted by the late board of trustees of the Town of Carondelet, are in arrears and have been unpaid for six months after the same became due and payable, and still remain due und unpaid; therefore, be it

" Resolved by the city council of the City of Carondelet, that the said leases hereinafter mentioned and described be and the same are hereby annulled, terminated and ended, and the same are hereby declared void ; the said leases being the following, to-wit: — Lease dated the eighth day of April, 1846, to Patrick Tiernan, for lot No. 28 in the Carondelet common, south of the river Des Pères."

There was a great deal more of the proceedings of that meeting, but this was all that referred to this lot. The proceedings were signed " Bernard Poepping, president board of council." And this was all the testimony offered by plaintiff.

The defendant read the testimony of Michael Chartrand, who testified that on the evening of 28th November, 1860, hearing the resolution introduced by Mr. Hill, and before its adoption, he tendered to the collector of the City of Carondelet the amount of the rent due on both the leases embraced by said resolution. The collector refused the rent, saying the leases were going to be annulled, or were annulled. Witness then stepped to the city register, and offered the rent to him, and he refused it. This tender was made

in a warrant of the City of Carondelet receivable in payment of all dues to the city by ordinance ; it was for $45, and witness declared at the time that he demanded no change. No objection was made to the medium of payment. Witness had been requested by Regan to pay this rent. The ordinance making the warrants receivable "in payment or part payment of moneys due" the corporation was also read. This was all the testimony offered by defendant.

Plaintiff, in rebuttal, examined Mr. Reber, who testified that it appeared from the records of his office (he was register of Carondelet), that there was rent due on lot 28 in November, 1860, and that he told the collector to report the fact to the council. Chartrand tendered witness a warrant in payment of the rent due, which witness refused. Witness testified that it was the practice to receive warrants in payment of taxes, rents, &c., due to the city ; did not know of any ordinance on the subject; the practice was universal. The bills for the rent of lots 28 and 156 were returned to the witness by the collector after the session of the council on the 28th November, 1860.

The plaintiff asked the following declarations of law :

1. If the resolution read in evidence, purporting to be a resolution of forfeiture, was adopted by the city council of the City of Carondelet before any offer to pay rent was made, said offer was too late, and did not amount to a tender or an offer to pay rent within the time prescribed for the payment of the same in the lease read in evidence from the former Town of Carondelet to Patrick Tiernan.

2. An offer to pay rent after the adoption of the resolution read in evidence, and before the mayor signed the proceedings of the city council, was too late, and did not amount to a tender or an offer to pay the rent within the time prescribed for the payment of the same in the lease read in evidence.

The court gave these instructions, adding to the first, after the word "Carondelet," in the third line, "and approved

by the mayor," and inserting in the second, before the word "adoption," the word "legal." The plaintiff excepted to the giving of the instructions as modified, and to the refusal to give them unaltered.

Plaintiff asked the following instructions, which the court refused, plaintiff excepting :

1. If the plats, maps, documents, instruments, and other papers read in evidence, are genuine, the resolution of the city council of Nov. 28, 1860, read in evidence, and the proceedings of said council read in evidence in connection therewith, are valid and binding ; and the lease read in evidence from the former Town of Carondelet to Patrick Tiernan, therein mentioned, was annulled and forfeited by said resolution, if the rent specified in said lease was in arrear and unpaid for six whole months next before the time of the passage of said resolution.

2. An offer to pay rent to the plaintiff, under the lease read in evidence, in and by a warrant issued by the City of Carondelet, is not a lawful tender of said rent according to said lease.

The court, on motion of defendant, instructed the jury as follows, plaintiff excepting :

1. The law is declared to be, that, according to the evidence in this cause, there was no valid and lawful order or resolution passed or adopted by the board of trustees of the town or city council of Carondelet vacating or terminating the said lease for non-payment of rent.

2. The law is further declared to be, that if at any time before the resolution or order of forfeiture contemplated by the ordinance No. 78 had been passed through all its stages, and become the act of the corporation of Carondelet, the arrears of rent due on lot 28 were tendered to the city collector, and that the city collector was duly authorized to receive these rents, the forfeiture was saved.

And thereupon the court gave judgment' for the defendant. After a motion for a new trial, the plaintiff brought the case up by appeal.

*Casselberry*, for appellant.

I. This court has on several occasions examined and defined the principles governing transactions of this kind, in the following cases: Woodson v. Skinner, 22 Mo. 13 ; Taylor v. Carondelet, 22 Mo. 105 ; Carondelet v. Lannan, 26 Mo. 461; Huth v. Carondelet, 26 Mo. 466.

The above decisions establish the doctrine that a forfeiture of a lease made under or by virtue of the ordinances of the respective cities of St. Louis and Carondelet is a legislative procedure over which the courts have no jurisdiction or control whatever.

II. The forfeiture of the lease mentioned in the record was made by the city council of Carondelet under the charter of January 16, 1860—Laws of Mo. 1859–60, p. 306.

The above charter of 1860 is different in many respects from the charter of 1851 in relation to the legislative proceedings of the city council. For instance, the charter of 1860 does not require anything but ordinances to be presented to or approved by the mayor—Laws 1859–60, p. 316 & 317. The proceedings of each day of the city council are required to be signed at the end thereof by the presiding officer. This was evidently copied from the general laws of this State requiring the judges of the several courts of record to sign the proceedings of each day, which is well understood, and has been liberally construed—Platte Co. v. Marshall et al., 10 Mo. 345.

III. The ordinance of the former Town of Carondelet of November 4, 1843, read in evidence by the defendant, was passed before the city charters of 1851 and 1860, was only of a temporary nature, and relates to warrants against the former town, and has no application to the new order of things created by the subsequent charters ; nor is there any evidence in the record that the warrant mentioned by the witness Chartrand was in conformity with the provisions of the act of 1855 regulating the issuing of warrants by towns and cities—R. C. 1855, p. 153 et seq., art. 2, tit. Towns. It

was drawn on the "contingent fund," and not as required by the above article in the R. C. of 1855.

*T. T. Gantt*, for respondent.

I. There was no valid or legal forfeiture of the lease to Tiernan, leaving the question of tender entirely out of view.

II. It is found by the court that there was a tender of rent before the resolution of forfeiture passed through its stages, and that the forfeiture was thereby saved.

Either of these propositions will suffice for the affirmance of the judgment. If, under the charter of Carondelet, there was no valid resolution of forfeiture passed by the corporate authorities on the 28th November, 1860, there is an end of this case. Respondent submits that there was no such resolution passed at that time. The case of Graham v. Carondelet, 33 Mo. 263, is decisive on this point. It was there held that two things must concur towards a valid resolution of forfeiture of such leases. First, such a resolution must have passed the board (that is, have received its vote) ; and then must have been presented to the mayor for his approval, and must have been signed by him. Secondly, it must have been entered of record in the proceedings of the board. The first of these formalities was never complied with.

It was said that the charters of 1860 and 1851 were different in their requirements on this head. This, respondent denies. Sec. 6 of art. vii. of the charter of 1860 (p. 317 of Sess. Acts) is in these words ; " Every bill which shall have been passed by the city council shall, before it becomes a law, be presented to the mayor for his approbation ; if he approves the bill, he shall sign it; if not, he shall return it with his objections, in writing, to the board of council, which," &c. Sec. 8. " No ordinance shall be enacted except by bill."

Here is a declaration that no legislative or quasi-legislative act of the board shall take effect unless in the mode prescribed in these sections. There must be a bill ; and this

bill must pass through certain stages, and receive certain authentications ; and that no ordinance (that is to say, no act of the council) shall be enacted, except in this mode, and by these ceremonies. This is the very same provision which was contained in words of more expanse, but precisely the same import, in the act of 1851. Here is the end of the case of the plaintiff.

FAGG, Judge, delivered the opinion of the court.

The only matter presented for the determination of the court is, whether the case as presented by the record comes within the principles settled by the cases heretofore decided. It is claimed on the part of the appellant, that a distinction should be taken between this and the former adjudged cases, for the reason that the forfeiture of the lease claimed to have been taken by the city council in this instance was in pursuance of the provisions of the charter of Carondelet granted by the Legislature on the 16th day of January, A. D. 1860. In the cases heretofore decided, viz., Taylor v. City of Carondelet, 22 Mo. 105 ; City of Carondelet v. Lannan, 26 Mo. 461, and Huth's Adm'r v. City of Carondelet, 26 Mo. 466, the forfeitures were taken under the charter of 1851. In the 6th section of the act just recited (Sess. Acts 1851, p. 146), it is provided that "every bill, before it shall have effect as an ordinance, and *every resolution*, before it shall have authority, shall be presented to the mayor for his examination and approval ; and no bill or resolution, unless approved and signed by him, shall have any effect," &c.

In the cases above referred to, as well as to the additional case of Graham v. City of Carondelet, 33 Mo. 262, the general principle seems to have been recognized, that the city council and mayor together constitute the law-making power of the corporation ; that the act of taking or declaring a forfeiture under the different leases which existed in those cases was a legislative act, and required the concurrence of both the legislative and executive departments (so to speak) of the city ; and when so taken and declared, was a legisla-

tive forfeiture, against which the courts of the State could not relieve.

This court with the single exception of the case of Taylor v. City of Carondelet, has unanimously concurred in the settlement of all the questions arising upon these leases in the manner above indicated. We think that sound policy requires that a settlement made upon so many repeated adjudications of the same subject matter should not now be disturbed. It remains, then, to determine whether this case can be brought within the principles decided in these cases. Section 6 of art. vii. of the act of 1860 (Sess. Acts 1859–60, p. 317) provides that "every bill which shall have been passed by the city council shall, before it becomes a law, be presented to the mayor for his approbation; if he approves the bill, he shall sign it; if not, he shall return it with his objections in writing," &c. Sec. 8, same article, says, "No ordinance shall be enacted except by bill."

The difference between the act of 1860 and that of 1851 consists mainly in dropping the word "resolution" in the former act; and using simply the word "bill." This constitutes the only claim made by the appellant (so far as we can see) that the two acts referred to are essentially different in their characters. The charter of 1860 seems to have been intended as a sort of new garment adapted to the increasing dimensions of the City of Carondelet; and all acts of the corporation as expressed through the law-making power were more nearly assimilated to the regular forms of legislation which govern legislative bodies of a higher character. The will of the council is to be expressed in the form of a bill duly considered and passed. The concurrence of the mayor, who constitutes a distinct department of the government, must be separately expressed; and every ordinance, according to the terms of the charter, must pass through these forms to become valid and effective. We conclude, therefore, that the act of the city government, in proceeding to take a forfeiture of the lease in question, is to be understood as a legislative or quasi-legislative act, and must conform to all

the requirements of the charter to give it any force or validity whatever.

The testimony shows that the attempted forfeiture in this case consisted in the passage of a resolution by the council declaring the fact ; that immediately thereafter the witness Chartrand, acting as the agent of the respondent, tendered to the city collector, who was then present at the meeting of the city council, a warrant of the said city for the sum of $45 in payment of the rent in arrear upon the property in question ; that the amount of the warrant was much larger than the amount of rent due, and that no change was demanded of the officer to whom the tender was made. It was further shown by the city ordinances that such warrants were made receivable for all dues to the city. Now, admitting that the simple resolution of the council was sufficient for the purpose intended, still it cannot be said to have been completed, for the reason that the charter required the proceedings of each meeting of the board to be signed by the mayor ; and the covenant in the lease required that the "order or resolution" by which the forfeiture was to be declared should be " entered on record among the acts and proceedings of the said board," &c. So that, in whatever light this transaction is to be regarded, the attempt on the part of the city to declare a forfeiture should be treated as a mere nullity.

The judgment of the court below will therefore be affirmed, the other judges concurring.