[No. 2,668.]

# O. L. ROUSSEL v. MICHAEL KELLY AND JANUS FRIST.

UNLAWFUL DETAINER AGAINST TENANT.—If a tenant fails to pay rent when it falls due, and for three days after a demand thereof, and for possession of the premises by the landlord, his subsequent tender thereof, with interest and costs, is no defense in an action of unlawful detainer.

APPEAL from the County Court of the City and County of San Francisco.

On the first day of July, 1867, the plaintiff leased to the defendant Kelly, a lot in San Francisco, for the term of five years, at a monthly rent of thirty-five dollars for the first two years, and forty-five dollars for the remaining three years. Kelly afterwards sublet to defendant Frist. The rent for the months of January, February, and March, 1870, amounting to one hundred and thirty-five dollars, was not paid; and on the 8th day of March, 1870, the plaintiff served a written demand on the defendants to pay the rent, and to deliver up possession of the premises. Defendants having failed to pay the rent, this action was commenced on the 12th day of March, 1870.

The defendants, in their answer, admitted that the rent was due, and the demand made; but averred that four or five days before the summons was served on them they tendered to the plaintiff one hundred and thirty-five dollars, and that he refused to receive the same; and that, on the 1st day of April, 1870, they tendered to the plaintiff the rent and interest, and all costs which he also refused, and that they now brought into Court the same. The answer further alleged that the lot was unimproved when the lease was made; but they had since erected buildings thereon, at an expense of two thousand and five hundred dollars; and that, by the terms of the lease, the improvements could not be removed during the term of the lease.

On the trial the defendants offered to pay all rent then due, and interest, and all cost and expenses; but the plaintiff refused to receive it. The plaintiff then moved for judgment on the pleadings. The defendants offered to prove the matters set up in the answer; but the Court refused to receive the evidence, and sustained the plaintiff's motion.

The defendants appealed.

*Quint & Hardy*, for Appellants.

*Sidney V. Smith & Son*, for Respondent.

By the Court, Sprague, J.:

The record in this case presents the question whether, in an action under the Act of April 27th, 1863, " concerning forcible entries and unlawful detainers " (Stats. 1863, p. 652), for the recovery of possession of leased premises, with rents due, by the landlord against the tenant, on the ground of failure by the tenant to comply with the covenant of his lease, as to payment of rent, and his further failure to pay the rent due within three days after demand thereof, and for possession of the premises by the landlord, a subsequent tender by the tenant to the landlord of the full amount of rent due, with interest and costs and expenses of suit, set up in the answer, is any valid or permissible defense to such action.

It may be admitted that, at common law, in an action by the landlord to recover from his lessee the possession of the leased premises, and enforce a forfeiture of the tenant's estate therein, by reason of his breach of a covenant in his lease to pay rent, a defense of the character here set up would be good and valid. But the remedy sought to be enforced in the present action is provided by statute, which definitely fixes and prescribes the rights and responsibilities

of the parties in the premises; and it is not within the legitimate province of a Court to limit or enlarge the remedy, or to restrict or extend the rights of parties clearly within its provisions.

The third section of the statute declares that "it shall be unlawful for any person to hold over any lands, tenements, or other possessions   *   *   *   contrary to the covenants of the lease or agreement under which he or she holds, or after any rent shall become due according to the terms of such lease or agreement, and shall remain unpaid for the space of three days after the same shall become due as aforesaid."

Section four provides that "in all cases specified in the preceding section, the landlord may, at any time within one year after such rent shall become due and remain unpaid,   *   *   *   make demand, in writing, of such tenant or tenants, that he, she, or they deliver the possession of the premises held as aforesaid; and if such tenant or tenants shall refuse or neglect, for the space of three days after such demand, to quit the possession of such lands or tenements,   *   *   *   or to pay the rent, in case the term has not expired, but rent remains unpaid, then such tenant or tenants shall be deemed guilty of an unlawful detainer."

Thus, it will be seen, by the third section of the Act it is declared unlawful for the tenant to hold the possession of the leased premises for more than three days after rent shall become due from him by the terms of his lease and remain unpaid.   And the fourth section declares that if the tenant shall, after rent is due from him and remains unpaid, refuse or neglect, for the space of three days after demand by his landlord, in writing, that he deliver possession of the premises to quit such possession, or to pay the rent due, in case his term has not expired, he "shall be deemed guilty of an unlawful detainer."

The allegations of the complaint in the present case are clearly sufficient, if admitted, to place defendant in the posi-

tion denounced by the statute as guilty of unlawful detainer. The answer of defe'.dant Kelly, admits the material allegations of the complaint, and asks the Court to withhold the sentence of the law upon his admitted guilt, and condone his offense, upon the grounds that, subsequent to the commencement of the suit, he had tendered to plaintiff, and brings into Court, with his answer, to be paid to plaintiff, a sum of money sufficient to satisfy the full amount due plaintiff for rent, with interest thereon, and plaintiff's costs and expenses of suit, and that he is now willing to pay such further sum to plaintiff as the Court may adjudge him entitled to.

The sentence of the law upon the admitted facts of this case is defined and fixed by the thirteenth section of the Act, and no provision is made by this or any other statute which would authorize the Court to render or pronounce any other or different judgment *in this action.*

If the law is harsh, and in its practical application in some instances may seem to be used as an instrument of oppression and injustice, a means of escape from or modification of its rigors should be sought at the hands of the Legislature.

Judgment affirmed.