KAUFMAN, P. J.
 

 This is an appeal from a judgment of the municipal court in favor of plaintiff and respondent and against defendants and appellants in an action for unlawful detainer.
 

 
 *941
 
 A reading of the record discloses that the appellants were delinquent in their payment of rent; that the statutory unlawful detainer notice was sent to them. Thereafter, and during the trial of said action, appellants offered to pay all rent due together with costs and counsel fees. Respondents in their three-day notice and in their complaint requested a forfeiture of the lease. Thereafter the trial court entered judgment in favor of respondents forfeiting the lease and for unpaid rent and costs. Thereafter appellants availed themselves of the right to file an application for relief based on hardship under section 1179 of the Code of Civil Procedure and the trial court, acting under and pursuant to that section, denied appellants any relief on the ground of hardship.
 

 In our opinion, the statutes of the State of California set out a complete procedure in actions of unlawful detainer. Section 1174 of the Code of Civil Procedure provides that if the notice required by section 1161 of the Code of Civil Procedure states the election of the landlord to declare the forfeiture of the lease, then the judgment of the court shall declare such forfeiture. Section 1179 of the Code of Civil Procedure permits the court to give relief in the ease of hardship.
 

 Appellants contend that the lower court committed prejudicial error in refusing to allow them to introduce evidence on the question of hardship in the unlawful detainer trial, but we think the court was correct in its ruling on the ground that appellants’ remedy was to proceed under section 1179 of the Code of Civil Procedure. Furthermore, appellants availed themselves of this remedy and did proceed under section 1179 of the Code of Civil Procedure. They had their hearing and their day in court and the trial court, in the exercise of its discretion, denied them any relief on the ground of hardship under that section.
 

 A reading of the record before us does not disclose that the trial court abused its discretion in proceeding either under section 1174 or 1179 of the Code of Civil Procedure.
 

 In our opinion, where a plaintiff landlord has complied with the terms of the statute on unlawful detainer he is entitled in a proper case, to a forfeiture of the lease. The rule of
 
 Roussel
 
 v.
 
 Kelly,
 
 41 Cal. 360, is still the law in California, and applies to the facts of this case.
 

 See, also,
 
 Downing
 
 v.
 
 Cutting Packing Co.,
 
 183 Cal. 91 [190 P. 455], where the Supreme Court again substantially lays down the same rule as it previously had announced in the case of
 
 Roussel
 
 v.
 
 Kelly.
 

 
 *942
 
 It is our view that the Legislature has set up a complete set of rules governing the rights of landlord and tenant in unlawful detainer actions. Also since the decision of the Supreme Court in
 
 Roussel
 
 v.
 
 Kelly,
 
 the Legislature has enacted section 1179 of the Code of Civil Procedure to permit the courts to grant relief on the basis of hardship.
 

 Appellants’ contention that the trial court should permit the same relief afforded by section 1179 of the Code of Civil Procedure during trial flies in the face of the proposition that the remedy sought to be enforced in the present action is provided for by statute, which definitely fixes and prescribes the rights and responsibilities of landlord and tenant, and it is not within the legitimate province of this court to enlarge the remedy or restrict or extend the rights of the parties clearly within its statutory provisions. If appellants’ argument is sound that we can enlarge the terms of the statute, then it could be argued that we could likewise limit and restrict the terms of the statute. This, of course, we cannot do. Also in this case the appellants have availed themselves of the equitable provisions of the statute (Code Civ. Proe., §
 
 1179)
 
 and they cannot be heard to say on appeal that they did not have a hearing and decision on their plea of hardship.
 

 In our opinion the record contains sufficient evidence to justify the lower court’s discretion in denying relief on the basis of hardship. The act of the tenant in endeavoring to force his landlord to make repairs where no obligation existed to make them, coupled with the tenants’ refusal to pay rent for five months, and then only offering to pay the rent after the three-day unlawful detainer notice had expired, clearly shows that whatever hardship was suffered by the tenant was brought about by the tenants’ own action. The trial court in balancing the equities must have given consideration to these facts and may have felt that it was inequitable for a tenant to attempt to force unwarranted repairs on a landlord by withholding payment of rent due.
 

 The case of
 
 Altman
 
 v.
 
 McCallum,
 
 reported in 107 Cal.App.2d Supp. 847 [236 P.2d 914], is not factually here in point. To begin with, it' involved a different section of the code and involved an equitable estoppel by reason of a concealment of the amount of rent owing. Also, it involved an improper serving of the three-day notice, and of the notice of intention to sell. Also, there was an acceptance of payments prior to the-recording of the notice of default and intention to sell.
 
 *943
 
 Here no estoppel is involved, and under the facts of this ease only a plea of hardship was involved, and as we have already indicated, appellants have had their day in court under that plea.
 

 We find no prejudicial error in the record and accordingly the judgment and order of the lower court must be, and they are hereby affirmed.
 

 Devine, J., concurred.