[No. 237.  Decided December 24, 1891.]

JACOB RALPH, *Respondent*, v. GREGORY A. LOMER;, *Appellant*.

LANDLORD AND TENANT—NOTICE TO QUIT—TENDER OF RENT—EVICTION—COUNTER CLAIM—PARTIES—SERVICE OF PROCESS.

Where the summons in an action filed in the "superior court.of Pierce county" requires the defendant to appear in the "superior court of the State of Washington for the county of Pierce, holding terms at Tacoma," the variance is not prejudicial.

Under a statute (Laws 1887-8, p. 25) providing that the summons shall require a defendant served in the county where.the complaint was filed to answer within twenty days, exclusive of the day of service, but if not served in the county, but in the district, in thirty days, and if served in another district, in forty days, a summons which requires the defendant to appear "within twenty days after the service of the summons, exclusive of the day of service, if served in the above county; if not served in said county, in forty days," substantially complies with the statute, inasmuch as the admission of the territory into the union of states has made sone of the requisites.of the summons inapplicable to our changed judicial system.

Under § 2056, Code 1881, providing that "when a tenant fails to pay rent, when the same is due, and the landlord notifies him to pay

26—3 WASH.

said rent or quit the premises within ten days, unless the rent is paid within said ten days, the tenancy shall be forfeited at the end of said ten days," a notice informing the tenant th. t certain rent is due, and unless paid within ten days from the date of service of notice the tenancy will be forfeited, as provided by the statutes of the state, is sufficient, though not in the language of the statute and not specifying the exact amount due.

In an action by a landlord against a tenant to recover possession of property for failure to pay rent, a plea of tender by the defendant is insufficient, under § 548, Code 1881, unless it alleges that defendant offered to pay interest on the rent due, or that he brings into court the amount of rent in arrear, with interest and costs of action.

Where a tenant remains in possession of premises and pays rent therefor, he cannot claim that acts of the landlord interfering with his enjoyment of the premises during his occupancy thereof amount to an eviction.

In an action for unlawful detainer, it is inadmissible to set up a counter claim for damages on account of loss of business, depreciation in the value of furniture purchased for u e on leased premises, and for repairs, which are alleged as the result of acts on the part of the landlord.

Where no objection is made in the court below, either by demurrer or answer, to an alleged defect of parties plaintiff, the question cannot be raised in the supreme court.

Where one of two joint lessors dies, the right of action under the lease survives to the other, and does not pass to the personal representative of the deceased lessor.

*Appeal from Superior Court, Pierce County.*

The facts are stated in the opinion.

*Taylor & Hammond, Carroll, Coiner & Davis,* and *Geo. W. Tyler,* for appellant.

*Clifford, Evans & Kreider,* and *Doolittle, Pritchard, Stevens & Grosscup,* for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—On August 13, 1888, the respondent and his wife, who died before the commencement of this action, demised to appellant the premises in controversy

in this case, for the term of five years, at a monthly rent of $425 in gold coin of the United States, payable (except the first payment, which was to be made on September 1st) in advance, on the first day of each and every month, at the National Bank of Commerce, in the city of Tacoma. Among others, the lease contains the following stipulation:

" And it is agreed that if any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part to reënter the said premises, and to remove all persons therefrom, the party of the second part hereby waiving any notice to quit, or of intention to reënter; and the parties of the first part covenant that the said party of the second part, on paying the monthly rent and performing the covenants aforesaid, shall and may peaceably and quietly have, hold and enjoy the said demised premises for the term aforesaid."

Appellant took possession of the premises described in the lease at or about the date thereof, and paid the rent, though rarely, if ever, on the day it became due, up to February 1, 1890. On that day appellant being still in possession and failing to pay the rent then due, respondent served upon him the following notice in writing:

" To Gregory A. Lomer and Elizabeth Lomer: You, and each of you, are hereby notified that the rent for lots 27, 28, 29 and 30, in block 708, together with the buildings situated thereon, and all being situated in the city of Tacoma, county of Pierce, State of Washington, was due on the 1st day of February, A. D. 1890, and is still unpaid. And you, and each of you, are hereby further notified that unless the said rent is paid within ten days from the date of the service of this notice upon you, your tenancy will be forfeited thereto, as provided by the statutes of the said State of Washington.—JACOB RALPH, by JOHN EVANS, *Atty.*"

Payment not having been made within the following ten days, respondent, on February 13, 1890, commenced this

action to recover the possession of the demised premises, which resulted in a judgment in his favor for restitution, and for rent that had accrued up to that date. The defenses to the action interposed by the defendant were tender of the rent due before the commencement of the action, and a statement of certain facts claimed to constitute an eviction.

Before the trial, the defendant, appellant here, appearing specially, moved the court to dismiss the action on the ground that the court had no jurisdiction of the person of the defendant, for the reason that no legal summons had been served upon him. The motion was denied by the court, and exception taken. And this ruling of the court is the first error assigned.

The objections to the summons are, that it does not require the defendant to appear in any court known or existing in the state, and that it does not conform in some other respects to the provisions of the law applicable thereto. The court is therein designated as " The superior court of the State of Washington, for the county of Pierce, holding terms at Tacoma," and it is claimed that there is no such court, but that the proper appellation should have been, " The superior court of Pierce county." If it were conceded that the contention of the learned counsel for appellant is correct, we think the requirement of the statute was substantially complied with in that regard. We fail to see how the defendant could possibly have been prejudiced or in any manner misled by the designation of the court. There was but one superior court of or for the county of Pierce, and the defendant must have known that fact. And while we would not hesitate to declare a summons void which should radically fail to conform to the requirements of law, we do not feel inclined to hold that slight variances, which cannot be prejudicial in effect, are fatal. Moreover, it must be remembered that the form of the

summons prescribed by the legislature was adopted during the existence of the territory, and was adapted to the judicial system then in force. And upon the admission of the territory into the union as a state, with an entirely new and different system of courts, some of the former requisites of the summons became entirely meaningless and inapplicable to the changed condition of our judicial system. The territory was then divided into judicial districts, and the summons required that a defendant served in the county where the complaint was filed should answer within twenty days, exclusive of the day of service, but if not served in the county, but in the district, in thirty days, and if served in any other district, in forty days. There are now no judicial districts in this state, and until the last session of the legislature the form and requisites of the summons remained unchanged. This summons required the defendant to appear " within twenty days after the service of the summons, exclusive of the day of service, if served in the above county ; if not served in said county, in forty days," etc. And it is insisted by counsel for appellant that the defendant, by this summons, was required to appear and answer, if not served in Pierce county, in forty days, whether served or not, and the language used, taken literally, would justify that construction. But, as the defendant was in fact served in Pierce county, he certainly was not at a loss to determine when to file his answer. We are aware that there are cases holding that a summons "must contain all that is required by statute, whether deemed important or not." It was so ruled in *Lyman v. Milton*, 44 Cal. 634, and in *Ward v. Ward*, 59 Cal. 139. But in the later case of *Shinn v. Cummins*, 65 Cal. 98, a more liberal construction was adopted, and it was there said that " while it is advisable in all cases to literally comply with the provisions of the code, nothing short of a substantial departure therefrom can properly be held to be fatal to a proceeding under

it." The defendant in this case was informed by the summons of everything essential to be known, and could not have been injured or prejudiced by the defects pointed out, and we are of the opinion that he has no substantial reason to complain of the action of the court in denying his motion to dismiss.

The next objection of appellant is, that the court erred in sustaining the demurrer to defendant's "further and second" defense in his amended answer. This defense consists of an allegation that the defendant, on the 12th day of February, 1890, and before the commencement of this action, offered and tendered the sum of $425 to the National Bank of Commerce, of Tacoma, at its banking house in the city of Tacoma, during its banking hours, as and for the rent of the said premises for the month of February, 1890, in accord and with the provisions of the said lease, and that the said bank then and there refused to accept the same, and that he has ever since been and now is ready and willing to pay the said rent in accordance with the terms of said lease. The objections to the plea were: (1) That the offer to pay was too late to bar a forfeiture; (2) that the amount was not sufficient; and (3) that the allegation did not set forth a good plea of tender. It has been observed that, by the terms of the lease, the sum of $425 became due and payable at the bank named on the first day of February, on which day the money was demanded of defendant, but was not paid or offered to be paid by him. The notice served on the defendant on that day informed him that the rent was then due, and unless paid within ten days from the date of service, the tenancy would be forfeited, as provided by the statutes of the state. No attempt was made to pay the rent during the ten days, as is shown by the answer itself. Section 2056 of the Code of Washington provides that "when a tenant fails to pay rent, when the same is due, and the landlord notifies him to

pay said rent or quit the premises within ten days, unless
the rent is paid within ten days, the tenancy shall be
forfeited at the end of said ten days." It, therefore, would
seem clear that, if there is no other statutory provision
whereby the defendant may be relieved from the effect of
his neglect to pay the rent, his tenancy became forfeited
absolutely, at the option of the plaintiff, at the expiration
of the ten days' notice, by operation of law, and not even
a properly made tender after that time would work a re-
vival of his right to retain possession of the premises.
*Roussell v. Kelly,* 41 Cal. 360; *Treat v. Liddell,* 10 Cal.
302; *Chadwick v. Parker,* 44 Ill. 326; *Cunningham v.
Holton,* 55 Me. 33; *Hendrickson v. Beeson,* 21 Neb. 61;
*Leary v. Patterson,* 66 Ill. 203; *Caronde'et v. Wolfert,* 39
Mo. 305. To meet this objection, appellant insists that
the notice and demand was insufficient because not in the
language of the statute, and for the further reason that it
did not specify the exact amount due. The notice was
not in the exact language of the statute. It did not require
the defendant "to quit the premises in ten days," but it
did notify him that the rent was due, and if not paid
within ten days his tenancy would be forfeited. We think
that when the defendant was notified that the rent was
due and unpaid on the first day of February, it was a
sufficient designation of the sum due, as there was no
controversy upon the question of the amount, and espe-
cially when the precise sum due is alleged in defendant's
answer to have been tendered to the bank on the day
therein specified. In *McLean v. Spratt,* 20 Fla. 522,
where this same point was raised, the court said:

"The common sense of the rule is, that if the plaintiff
demands what he is entitled to, in language easily under-
stood, it is sufficient. The neglect and refusal to pay the
rent due after demand put an end to defendant's right of
further occupancy under his contract."

In this case the defendant had waived notice to quit
by the terms of the lease under which he held the prem-
ises, and had covenanted that, on his failure to pay the
rent when due, the plaintiff might reënter upon said
premises and remove all persons therefrom without notice
of intention so to do. He provided, by his contract,
that his tenancy might be terminated by his failure to
pay rent if his landlord should choose to reënter, and
he ought not now to be heard to complain that, although
no notice to quit was necessary, nevertheless, the one
given was not literally, though substantially, that pre-
scribed by law for cases not provided for by the parties
themselves.   We are, therefore, of the opinion that the
notice was sufficient, and that respondent's possession,
after the ten days' limitation expired, was tortious.   Did
the law afford him any relief?   It did, if he complied
with its provisions.   Section 548 of the code, under which
this action was brought, provides that a tenant, in a case
like the one at bar, may retain possession of the premises
leased to him if, at any time before judgment, he pays to
plaintiff or brings into court the amount of rent then in
arrear, with interest and costs of action, and performs the
other covenants of his lease.   But this appellant did not
do.   It is true that he alleges in his answer that he ten-
dered $425 at the National Bank of Commerce on the 12th
day of February, 1890, which was the day before this action
was begun, but he offered to pay no interest, and did not
specify the kind of money tendered, or deposit the same
with the clerk of the court.   If, therefore, it be conceded
that the bank was the agent of respondent to receive the
rent after the day when it became due and was demanded
by respondent, still the plea of tender is insufficient, and
it follows that the court committed no error in sustaining
the demurrer thereto.

It is also claimed that the court erred in excluding evi-
dence offered in support of the third defense set up in

the amended answer, and in refusing to permit the defendant to file a second amended answer at the trial. This alleged defense purports to set forth a series of acts done by plaintiff, whereby the defendant was deprived of the beneficial use and enjoyment of the premises, and was ousted and evicted therefrom.

It may be remarked, in passing, that it is difficult to determine the exact attitude of the defendant in this case, from the allegations of the answer, taken as a whole. He first denies that he has not paid the rent due February 1, 1890. He then alleges that he offered to pay it, and is still ready and willing to pay it; and that since March 1, 1889, he has been deprived of the beneficial use and enjoyment of every part of the premises in dispute. Notwithstanding these allegations, the fact was that, at the time of the trial, the defendant was still in possession, and was vigorously endeavoring to keep his landlord out. Now an eviction must be either actual or constructive. There is no claim that the defendant was physically expelled from the premises, and we fail to see that the acts pleaded amount to a constructive eviction. As a general rule, the acts of the landlord, in order to amount to a constructive eviction of his tenant, must be such a physical interference with the possession of the tenant, under color of right, as to deprive him of the beneficial enjoyment of the demised premises, in consequence of which he abandons the same. We find no clearer statement of the law upon this question than that made by ENDICOTT, J., in *De Witt v. Pierson*, 112 Mass. 10; 17 Am. Rep. 58, which is as follows:

"It is well settled in this commonwealth, that to constitute an eviction there must be either a physical ouster of the tenant by the landlord, or some act done by him on the premises, with the intent of depriving the tenant of the enjoyment and occupation of the whole or part of the same, to which the tenant yields the possession, within a reasonable time, and in either case the rent is suspended."

An actual expulsion of a tenant by the landlord from any part of the premises demised will preclude a recovery of rent during such exclusion. But there can be no eviction without an expulsion from, or a voluntary abandonment of, the premises. A tenant cannot hold possession and, at the same time, refuse to pay the rent, simply because he has been annoyed by his landlord, by whatever acts stopping short of an eviction either actual or constructive. *Edwards v. Candy*, 14 Hun, 596; *Edgerton v. Page*, 20 N. Y. 281. But in this case, even if it should be admitted that the facts pleaded would constitute a defense to the action, it appears that appellant not only remained in possession of the premises in controversy during the whole period including all but one of the acts complained of, and that was done after this action was begun, but that during that time he paid the rent reserved, each month, up to the time of the initiation of this action. He must, therefore, be deemed to have waived any claim for damages which accrued during the time he occupied the premises and paid the rent. *Edwards v. Candy*, 14 Hun, 596; *Gi es v. Comstock*, 4 N. Y. 270; 53 Am. Dec. 374; *Lounsbery v. Snyder*, 31 N. Y. 514; *Goebe' v. Hough*, 26 Minn. 252; *Crommelin v. Thiess*, 31 Ala. 412; 70 Am. Dec. 499. Our conclusion, therefore, is that there was no error in excluding the testimony offered.

The proposed second amended answer set up substantially the same facts which were pleaded in the amended answer filed, together with a counter claim for damages on account of loss of business, depreciation of the value of furniture purchased for use in one of the buildings on the leased premises occupied by appellant as a lodging house, and for repairs and other expenses. We deem it more objectionable than the one filed. We have been cited to no case holding that, in an action for an unlawful detainer, a counter claim or setoff is admissible. On the contrary, the courts seem to entertain the opposite doctrine generally

and lay down the rule that no such defense can be interposed. *Kelly v. Teague*, 63 Cal. 68; *Warburton v. Doble*, 38 Cal. 619; *Abrams v. Watson*, 59 Ala. 524; *McSloy v. Ryan*, 27 Mich. 110; *Borden v. Sackett*, 113 Mass. 214.

It is further contended that there is a defect of parties plaintiff in this action. But it does not appear from the record that the objection was made in the court below either by demurrer or answer, and it cannot be raised here for the first time. Code, § 81; Pomeroy's Remedial Rights and Remedies, § 207. And besides, it was alleged in the complaint that the lessor Margaretha Ralph, wife of respondent, died testate, and that respondent was her sole legatee. This was proved by the will which was introduced in evidence, together with undisputed testimony that she died without issue. This oral testimony, however, was objected to on the ground that the decree of the probate court was the only competent testimony by which that fact could be established. The will was drawn in accordance with the provisions of § 1443 of the Code of Washington, and specially provided that decedent's estate should be settled without the intervention of the probate court, after the will had been properly admitted to probate. By the terms of the will, respondent was not only made the sole residuary legatee, but was appointed executor of the estate as well. And it is difficult to perceive what more could be required in order to make him the sole party in interest. It is familiar law, that a tenant, before the expiration of his term, and while in the possession under his lease, will not be heard to deny the title of his landlord to the demised premises; and where one of two joint lessors dies it has been held that the right of action survives to the other, and does not pass to the personal representative of the deceased lessor. *Salisbury v. Shirley*, 66 Cal. 224; *Fesmire v. Brock*, 25 Ark. 20; Pomeroy on Remedial Rights

and Remedies, §§ 188, 266. It follows, therefore, that this objection cannot prevail.

It is further contended by appellant, that the complaint fails to state a cause of action, but we think the objection is untenable. It states everything requisite in an action of this kind. Nor do we think that the court abused its discretion in permitting plaintiff to amend the prayer of his complaint during the trial.

There being no substantial error in the record, the judgment of the court below must be affirmed, and it is so ordered.

HOYT, STILES, DUNBAR and SCOTT, JJ., concur.