[No. 5844. Decided November 14, 1905.]

Rachel Stevens *et al., Appellants,* v. William Jones *et al., Respondents.*[1]

Appeal—Cessation of Controversy—Surrender of Premises in Forcible Entry and Detainer. An appeal from a judgment for defendants in an action of forcible entry and detainer will be dismissed where, pending the action, the plaintiff conveyed the property to third persons, who intervened and to whom the defendants yielded possession upon demand before the hearing of the appeal; since there is no longer any controversy.

Forcible Entry and Detainer — Damages — Conveyance Pending Suit. The plaintiffs' right to damages in an action of forcible entry and detainer is personal and only incident to the possession, and is lost by a conveyance of the property before judgment.

Appeal—Cessation of Controversy—Costs. The supreme court will not entertain an appeal for the purpose of determining a question of costs.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered February 17, 1904, in favor of the defendants, upon motion for judgment on the pleadings, after striking a complaint in intervention, in an action of forcible entry and detainer; also, from the order striking the complaint in intervention aforesaid. Appeal dismissed.

[1] Reported in 82 Pac. 754.

*Million & Houser,* for appellant Stevens.

*Hurd & Brickey,* for interveners.

*Smith & Brawley,* for respondents.

PER CURIAM.—The plaintiff, Rachel Stevens, brought this suit under the forcible entry and detainer law, to recover possession of certain real estate, from the defendants William and Anna Jones. The complaint alleges such facts concerning the possession of the defendants and notice to quit and surrender as show a *prima facie* right to recover. The defendants answered that, prior to the commencement of the suit, the plaintiff had, by warranty deed, conveyed the land to A. J. and Emily Lawson. The plaintiff replied, admitting such conveyance. The Lawsons then asked and obtained leave to intervene in the action. Their complaint in intervention alleges that the land has been conveyed to them, and that they are entitled to the possession thereof. The defendants moved to strike the complaint in intervention, which motion was granted; and thereupon the court, in consideration of the complaint, answer, and reply, granted a motion interposed by defendants for judgment upon the pleadings. Judgment of dismissal was entered, and costs against the plaintiff were awarded to the defendants. The plaintiff and, also, the interveners have appealed.

We shall not discuss the legal questions involved in the appeal, for the following reasons: Respondents' brief, in answer to that of appellants Lawson, interveners below, contains the following statement:

"The respondents knew that appellant Stevens had parted with her title, that they were no longer her tenants, but were the tenants of the Lawsons. And they had a perfect right under the law to retain possession of the premises until their landlord made some demand or gave them some notice that he desired possession, before they can be mulcted in costs and damages. Had the appellants Lawson done this, the possession would have been delivered immediately, as the respondents did so immediately upon such request being made."

The above statement was repeated in oral argument, and was not controverted either by reply ·brief or at the time of the oral argument.    It therefore stands admitted that respondents have yielded possession to the appellants Lawson. The subject-matter of the controversy was the possession of the land, and inasmuch as it stands admitted that possession has been yielded to the Lawsons, the controversy has therefore ceased, as between them and respondents.    Appellant Stevens concedes that the Lawsons were entitled to possession when she commenced her suit.    Any claim she may have had for damages could be waged in this summary action only as an incident to her right to possession.    The right to damages is a personal one, and when unaccompanied with the right to recover possession, must be waged in an ordinary civil action.    There is, therefore, no longer any controversy between respondents and any of the appellants in this action. Certainly no controversy remains unless it pertains to questions of costs in the case, and this court has repeatedly refused to entertain appeals, after the main controversy ceased, for the mere purpose of determining matters of costs.

The appeal is therefore dismissed.