[No. 36836. Department Two. June 4, 1964.]

GORDON S. MACRAE, *Appellant,* v. JACK EUGENE WAY, JR., *Respondent.*\*

\*Reported in 392 P. (2d) 827.

*George R. LaBissoniere,* for appellant.

*Henry Opendack* and *James A. Alfieri,* for respondent.

PER CURIAM.—Plaintiff appeals from a judgment dismissing his action for unlawful detainer instituted under RCW 59.12.030(3), *i.e.,* for failure to pay rent. The basis upon which the trial court dismissed the action was that the notice to pay rent or vacate was improperly served.

On the date of the alleged service of the notice to pay or vacate, May 29, 1962,[1] plaintiff's possessory interest in the property involved was that of a lessee. Defendant was plaintiff's sub-lessee. It is undisputed that on June 1, 1962, plaintiff surrendered his leasehold interest to his lessor, who, in turn, negotiated a lease with Consolidated Moving, Inc., a newly formed Washington corporation.

On June 6, 1962, plaintiff commenced this action in unlawful detainer by serving and filing his complaint. He posted bond and concurrently secured the issuance and service of a writ of restitution. Thirteen days later an amended complaint was filed. The amended complaint prayed for (a) the termination of the tenancy and that possession be restored to plaintiff; (b) a writ of restitution directing the sheriff to deliver possession of the premises to plaintiff; (c) recovery of $300 in back rent; and (d) reimbursement for costs and disbursements to plaintiff.

The cause came on for trial on June 29, 1962, at the conclusion of which the trial court orally announced its dismissal of the action upon the grounds heretofore stated. Formal judgment of dismissal was entered on July 27, 1962, from which plaintiff appeals.

---

[1] It is undisputed that defendant did not receive a copy of the notice until May 31, 1962. when it was delivered to him through the mail.

On the day of the trial court's oral decision, Consolidated Moving, Inc., served defendant with a notice to pay rent or vacate, and thereafter commenced an unlawful detainer action which resulted in a judgment of restoration and for back rent from June 1, 1962. No appeal has been taken from Consolidated's judgment, and defendant quit the premises before plaintiff's notice of appeal in this action.

Following plaintiff's notice of appeal, defendant moved to dismiss, and this court, after hearing arguments upon the motion, ordered it "passed to the merits."[2] The issue raised by the motion to dismiss is: May an action for unlawful detainer, pursuant to RCW 59.12.030(3), be maintained by a plaintiff-lessor who has conveyed all of his possessory interest in the subject property to a third party after service of the statutory 3-day notice to pay rent or vacate and before expiration of the 3-day period and commencement of the action by service and filing of the statutory summons and complaint.

We answer the question in the negative.

 Unlawful detainer actions are statutorily created summary proceedings, primarily designed for the purpose of hastening recovery of possession of real property. *Wilson v. Daniels,* 31 Wn. (2d) 633, 198 P. (2d) 496; *Woodward v. Blanchett,* 36 Wn. (2d) 27, 216 P. (2d) 228; *Little v. Catania,* 48 Wn. (2d) 890, 297 P. (2d) 255; *Muscatel v. Storey,* 56 Wn. (2d) 635, 354 P. (2d) 931; *Young v. Riley,* 59 Wn. (2d) 50, 365 P. (2d) 769. The principal subject matter of the action is the possession of the subject property. *Stevens v. Jones,* 40 Wash. 484, 82 Pac. 754. In such proceedings the superior court sits as a special statutory tribunal, limited to deciding the primary issue of right to possession together with the statutorily designated incidents thereto, *i.e.,* restitution and rent or damages. It does not sit as a court of general civil jurisdiction. *Stevens v. Jones, supra; Young v. Riley, supra; Sundholm v. Patch,* 62 Wn. (2d)

---

[2]Inadvertently counsel for the parties were notified that the motion had been denied. Upon discovery of the error, counsel were advised thereof and afforded an opportunity to submit additional written arguments.

244, 382 P. (2d) 262. Such jurisdiction as the superior court obtains arises out of service of the statutory summons. It does not arise from service of the statutory notices, *e.g.*, notice to quit, notice to pay rent or vacate. *State ex rel. Robertson v. Superior Court,* 95 Wash. 447, 164 Pac. 63.

▉ In *Stevens v. Jones, supra,* this court was faced with a similar problem in that plaintiff had conveyed all interest in the property prior to commencement of an analogous action.[3] Under such facts, the appeal was dismissed, the rationale being that, since the "subject matter of the controversy was the possession of the land," the controversy "ceased" as between the plaintiff and defendant, when plaintiff gave up the right of possession. With regard to the plaintiff's claim for damages, analogous to the instant claim for rent, we said (p. 486):

" . . . Any claim she may have had for damages could be waged in this summary action only as an incident to her right to possession. The right to damages is a personal one, and when unaccompanied with the right to recover possession, must be waged in an ordinary civil action. . . ."

In the instant case, when plaintiff on June 1, 1962, surrendered his lessor's interest in the premises to his landlord, he lost his possessory right in the property as against defendant. His right to recover past due rent owing to him from the defendant was relegated to the processes of an ordinary civil action. His appeal from the judgment dismissing his action in unlawful detainer avails him nought. Accordingly, we do not reach the points raised on the appeal, *i.e.*, the validity of the service upon the defendant of the notice to pay rent or vacate.

The motion to dismiss the appeal is granted.

---

[3]Examination of the transcript and briefs in *Stevens v. Jones,* 40 Wash. 484, 82 Pac. 754, reveals the action to have been pursued under the provisions of RCW 59.12.030(1) and (4).