[No. 37155.    Department Two.    October 8, 1964.]

DONALD TUSCHOFF *et al., Respondents,* v. CHESTER A. WESTOVER *et al., Appellants.**

*Reported in 395 P. (2d) 630.

*Charles T. Sharp* and *Emerson C. Bishop, Jr.,* for appellants.

*S. Dean Arnold,* for respondents.

BARNETT, J.†—Three actions concerning the same parties and substantially the same subject matter were consolidated for trial and retain that status on appeal. The first action was commenced by respondents Tuschoff against appellants Westover on June 20, 1962, as an action for unlawful detainer of a building in Clarkston.

The second action was commenced on September 5, 1962, by appellants Westover against respondents Tuschoff for forcible entry and detainer of the same premises.

The third action was commenced on October 23, 1962, by appellants Westover against respondents Tuschoff for conversion of personal property situated in the same premises and for certain fraudulent misrepresentations. The trial court dismissed the action for fraud and that dismissal is not made a part of this appeal.

The complaint in the first action, that dealing with the unlawful detainer, alleged an oral lease of real property and a written lease of bowling alley equipment from respondents Tuschoff to appellants Westover. The summons used was the one provided exclusively for unlawful detainer actions by RCW 59.12.070. On the same day fixed by the summons as the return date, appellants Westover answered and the court proceeded to try the case on the merits, notwithstanding the repeated objections of appellants Westover. On appeal, we reversed and remanded for a new

---

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38) state constitution.

trial because "The judgment is a nullity because of the premature trial of the case over relators' [appellants Westover] objection without noticing it for setting as required by law." *Tuschoff v. Westover*, 60 Wn. (2d) 722, 725, 375 P. (2d) 254 (1962).

June 26, 1962, respondents Tuschoff filed an amended complaint to the first action. November 20, 1962, respondents Tuschoff filed a second amended complaint to the first action. The complaint alleged that (1) appellants Westover were in arrears in rent, (2) appellants Westover had abandoned the premises, (3) respondents Tuschoff had entered, taken quiet and peaceful possession of the premises and remained in possession to the exclusion of appellants Westover, and (4) appellants Westover were guilty of unlawful detention of the premises. Respondents' prayer for relief requested that (1) they be awarded $4,400 delinquent rentals and that that sum be doubled, (2) they be awarded attorneys' fees, and (3) their right to possession be affirmed.

The answer of appellants Westover denied that the appellants Westover had abandoned the premises and further alleged that on August 24, 1962, they were unlawfully and forcibly ousted from the premises by the respondents Tuschoff.

By means of a pretrial order, the parties consolidated the above three cases and the trial court converted the action to one for rent. The contention of the appellants Westover was that respondents Tuschoff had abandoned their unlawful detainer action and thus the court no longer had jurisdiction over the subject matter involved because the second amended complaint of the respondents Tuschoff alleged that respondents Tuschoff had retaken possession of the premises.

The trial court directed a verdict for respondents Tuschoff in the sum of $4,400.

The fact that appellants Westover and respondents Tuschoff moved for a consolidation of the three pending actions did not amount to a consent by them to the court's jurisdiction over the subject matter involved in the cases. The court had refused to dismiss the second amended com-

plaint, which showed upon its face that respondents Tuschoff were in possession of the premises. Thereafter, appellants Westover objected at every stage of the proceedings to the permission granted respondents Tuschoff to convert their claim to one for unpaid rentals.

Unlawful detainer actions are a summary statutory proceeding designed primarily for the purpose of hastening recovery of possession of real property. *MacRae v. Way,* 64 Wn. (2d) 544, 392 P. (2d) 827 (1964); *Sundholm v. Patch,* 62 Wn. (2d) 244, 382 P. (2d) 262 (1963); *Young v. Riley,* 59 Wn. (2d) 50, 365 P. (2d) 769 (1961); *Little v. Catania,* 48 Wn. (2d) 890, 297 P. (2d) 255 (1956); *Stevens v. Jones,* 40 Wash. 484, 82 Pac. 754 (1905).

In *Stevens v. Jones, supra,* this court dismissed an appeal from a judgment for defendants in an action for forcible entry and detainer where it appeared that, pending the action, plaintiff conveyed to third persons, who intervened and to whom the defendants yielded possession upon demand before the hearing of the appeal. This court said, p. 486:

" . . . Appellant Stevens concedes that the Lawsons were entitled to possession when she commenced her suit. Any claim she may have had for damages could be waged in this summary action only as an incident to her right to possession. The right to damages is a personal one, and when unaccompanied with the right to recover possession, must be waged in an ordinary civil action. . . ."

In *Young v. Riley, supra,* this court held that, in an unlawful detainer action, the trial court sits as a special statutory tribunal to summarily decide the issue authorized by statute and not as a court of general jurisdiction with the power to hear and determine other issues and, therefore, in such an action, the defendant may not assert a setoff or counterclaim.

Since both the right and the remedy are statutory, the procedural remedy is an integral part of the right itself. *Young v. Riley, supra.* See, also, *Hinton v. Hotchkiss,* 65 Ariz. 110, 174 P. (2d) 749 (1946).

The special summons employed in an unlawful detainer action is insufficient to give the court jurisdiction of the parties in a general proceeding. The court has obtained jurisdiction over the parties only for the limited statutory purpose of determining the issue of possession. *Little v. Catania, supra.*

The court obtained jurisdiction over the parties for a limited statutory purpose only, namely, to determine the issue of possession in an unlawful detainer action and, having obtained that limited jurisdiction, it committed error in transforming the special statutory proceeding into an ordinary lawsuit for accrued rentals. Hence, respondents' action for accrued rental is dismissed without prejudice to any other appropriate action.

In the two actions by appellants Westover against respondents Tuschoff, one for forcible entry and detainer and the other for conversion of personal property, the issue of abandonment became important. In the instant case, respondents Tuschoff pleaded that appellants Westover had abandoned the premises.

▮ Abandonment is a defense to an action for forcible entry and detainer because the facts of abandonment dispute the basic requirement of prior possession. It is not exclusively an affirmative defense, but goes further. It affirmatively denies the allegations of possession.

▮ Abandonment, as applied to leases, involves an absolute relinquishment of premises by a tenant, and consists of act or omission and an intent to abandon. *Moore v. Northwest Fabricators, Inc.,* 51 Wn. (2d) 26, 314 P. (2d) 941 (1957) and cases cited therein. The burden is upon him who sets up abandonment to prove the same by clear, unequivocal and decisive evidence. 1 Am. Jur., Abandonment § 17, p. 12; *Hoff v. Girdler Corp.,* 104 Colo. 56, 88 P. (2d) 100 (1939); *Ward v. Incorporated Town of Clover Hills,* 240 Iowa 900, 38 N. W. (2d) 109 (1949); *McCartney v. McKendrick,* 226 Miss. 562, 85 So. (2d) 164 (1956).

By appropriate proposed instructions, appellants Westover requested the court to instruct the jury that the law places a heavy burden upon him who alleges abandonment

and requires him to prove that fact by clear, unequivocal, and decisive evidence.

The trial judge correctly stated the elements of abandonment in instruction No. 8. However, he failed to instruct correctly upon the rule as set forth above.

█ But assuming, arguendo, that the instruction was adequate to require proof by "clear, unequivocal and decisive evidence," the instruction is inconsistent with another instruction given. In the instruction which defines burden of proof, the court stated that "The burden of proof is on the Plaintiffs [respondents Tuschoff] to establish by a fair preponderance of the evidence the material elements of Plaintiffs' contentions. . . . " The court did not weave into the instruction on burden of proof that the elements of abandonment must be shown "clearly and decisively."

The court propounded an interrogatory which read, "Do you find from a preponderance of the evidence that Westovers abandoned the premises . . . prior to 11:00 A.M., August 24, 1962?" Here again, the court's instruction is inconsistent with instruction No. 8.

In *Adjustment Department, Olympia Credit Bureau v. Smedegard,* 40 Wn. (2d) 76, 241 P. (2d) 203 (1942), this court held that, in an action involving fraud, a general instruction stating the correct rule that fraud must be proven by clear, cogent, and convincing evidence cannot cure the error of applying the test of a preponderance of the evidence to the establishment of fraud under the facts of the particular case.

Because of the prejudicial error in instructing the jury on the question of abandonment, which was important to the second and third of the consolidated actions, the judgment is reversed and remanded with orders to grant a new trial to appellants Westover. Appellants Westover are awarded one-third of their costs on appeal; the remainder shall abide the final determination of the new trial.

OTT, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.

. December 7, 1964. Petition for rehearing denied.