**Everlee Flowers McDOWELL, Appellant,**

v.

**Dante LENARDUZZI, Appellee.**

**No. 2413.**

Supreme Court of Alaska.

March 1, 1976.

Percy W. Watson, Sylvia L. Short, and M. Ashley Dickerson, of M. Ashley Dickerson, Inc., Anchorage, for appellant.

Timothy Middleton and Robert B. Flint, of Wohlforth & Flint, Anchorage, for appellee.

Before RABINOWITZ, Chief Justice, and CONNOR, ERWIN, BOOCHEVER and BURKE, Justices.

BURKE, Justice.

This is an appeal from the judgment of the superior court affirming the district court's refusal to set aside a default judgment. On October 15, 1965, Dante Lenarduzzi filed a complaint in the district court[1] against Everlee Flowers McDowell. The complaint was in two counts. By his first cause of action Lenarduzzi asserted his right to the possession of certain real property in Seward, alleging that he was the owner thereof and that McDowell was holding the property unlawfully and by force. By his second cause of action, after realleging each and every allegation contained in the first, Lenarduzzi sought to recover money that he claimed was due and owing under a rental agreement with McDowell.

The complaint was entitled: "COM-PLAINT FOR UNLAWFUL DETAIN-

1. When the action was filed, the district court was known as the "district magistrate court". Its name was changed in 1966. § 3, ch. 24, SLA 1966.

ER", and was obviously an action filed pursuant to AS 09.45.070. In 1965 that section provided:

(a) When a forcible entry is made upon any premises, or when an entry is made in a peaceable manner and the possession is held by force, the person entitled to the premises may maintain an action to recover the possession.

(b) The plaintiff may unite a cause of action for arrears of rent on the property in question or for damage to the premises and all causes are considered to arise out of the same transaction.[2]

The action for forcible entry and detainer is often called an action for unlawful detainer. In 1965 the district court lacked jurisdiction over actions for forcible entry and detainer. Such jurisdiction was not acquired until 1968, when the legislature amended AS 22.15.030 by adding subsection (a)(8).[3]

A summons was issued on October 15, 1965, the same day the complaint was filed, containing the following language:

## SUMMONS IN UNLAWFUL DETAINER ACTION AND ACTION FOR RENT DUE AND OWING

### THE STATE OF ALASKA
TO: Mrs. E. L. McDowell

You are hereby summoned to appear before the undersigned Magistrate, Anchorage. Recording District, Alaska, on the 27 day of October, 1965, at the hour of 3:30 P.M., at the office of the said Magistrate in the State Court System Building at Anchorage, Alaska, at which time trial will be had of the issues raised by plaintiff's complaint for unlawful detainer and rent due and owing on file herein.

And in case of your failure to then and there appear, Execution will issue under Section 09.45.070, Alaska Statutes; judgment will be entered against you for the amount prayed for in the complaint and for plaintiff's costs and attorney's fees incurred in this action.

DATED: this 15 day of October, 1965.

James A. Hanson
Presiding District Magistrate

M. Wertzbaugher
Deputy Clerk

The summons was undoubtedly designed to comply with the requirements of AS 09.-45.120 and Rule 85, Alaska Rules of Civil Procedure. AS 09.45.120 provides:

Summons in actions for forcible entry and detainer shall be served not less than two nor more than four days before the date of trial. No continuance shall be granted for a longer period than two days unless the defendant applying for the continuance gives an undertaking to the adverse party, with sureties approved by the court conditioned to the payment of the rent that may accrue if judgment is rendered against the defendant.

Rule 85 contains language that is essentially identical to that of the statute.

Copies of the complaint and summons were served on McDowell on October 21, 1965. The original summons, with a return of service, was filed on October 26, 1965. On the face of the original summons there appears the following handwritten notation: "improper service". We assume that such notation refers to the fact that service was made more than four days prior to the date of trial, contrary to the requirements of AS 09.45.120 and Rule 85.

**2.** Subsection (b) was repealed in 1966 by § 1, ch. 73, SLA 1966. Note that AS 34.03.270, the Uniform Residential Landlord and Tenant Act, provides:

If the rental agreement is terminated, the landlord may have a claim for possession and for rent and a separate claim for actual damages for breach of the rental agreement. (§ 1, ch. 10 SLA 1974)

*See* Clocksin, "Alaska's Summary Eviction Law—A Confused Anachronism", 4 U.C.L.A. —Alaska L.Rev. 56 (1974) for a discussion of the problems resulting from the imperfect meshing of the new act and AS 09.45.060–160. As these issues are not before us, we express no opinion on them at this time.

**3.** § 1, ch. 163, SLA 1968. *See Klinger v. Peterson,* 486 P.2d 373 (Alaska 1971).

A supplemental summons, different only in that it required an appearance on November 2, 1965, was issued on October 26, 1965, the same day that the return of service on the original summons was filed. The supplemental summons was returned unserved on November 9, 1965.

On November 12, 1965, Lenarduzzi filed an amended complaint claiming money for past rent due and owing, and alleging damage to the premises during the occupancy of McDowell. A summons requiring the defendant to appear and answer the amended complaint was also issued on that date. Unlike the original summons, this one required an answer within twenty days [4] and otherwise conformed to the requirements of Rule 4(b), Alaska Rules of Civil Procedure.[5] The amended complaint and summons were never served despite repeated efforts to obtain service.

On February 18, 1966, Lenarduzzi applied for entry of default "on the second cause of action of [his] complaint for unlawful detainer", referring to his original complaint. Default was entered on February 21, 1966, and a default judgment for $1,631.21, including costs and attorney's fees, was signed by the clerk of the district court on March 3, 1966. The judgment provided for interest at six percent per annum.

On March 18, 1966, a writ of execution was issued. The writ was returned unsatisfied. Repeated efforts to enforce the judgment were made during the remainder of 1966, but all such efforts were unsuccessful. Thereafter, the record reflects no activity on the part of either party until 1973.

On October 12, 1973, a new writ of execution was issued and return was made on October 17, 1973, showing a levy upon $2,410.15 held by Security Title and Trust Co. of Alaska. On the date of the return McDowell made her first appearance in the action, moving to set aside the default judgment. The motion was denied by the district court and that decision later was affirmed by the superior court. This appeal followed.

We note at the outset that this case is properly before us because the denial of a motion to set aside a judgment is a final, appealable order.[6]

McDowell contends, *inter alia*, that the default judgment was void due to a lack of jurisdiction. In essence, she argues that since the district court had no jurisdiction over actions for forcible entry and detainer in 1965, the court also lacked jurisdiction to enter a judgment on a second cause of action for accrued rent united with and made a part of such an action. Lenarduzzi contends that since the district court did have jurisdiction in ordinary civil actions to recover money, where the amount claimed was less than $3,000, the court could enter judgment for the amount claimed under his second cause of action. He characterizes the differences between the two types of actions merely as "procedural". In so doing, Lenarduzzi demonstrates his lack of understanding of the nature of the action for forcible entry and detainer.

The forcible entry and detainer action is a creature of statute.[7] Its basic

---

4. Rule 12(a), Alaska Rules of Civil Procedure, provides, in part: "A defendant shall serve his answer within 20 days after service of the summons and complaint upon him, . . . ."

5. Rule 4(b) provides:
 *Summons—Form.* The summons shall be signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint.

6. *Aguchak v. Montgomery Ward Co., Inc.*, 520 P.2d 1352 (Alaska 1974).

7. *Scales v. Spencer*, 246 Or. 111, 424 P.2d 242 (1967); *MacRae v. Way*, 392 P.2d 827

purpose is to preserve the peace by providing a speedy method for the resolution of disputes over the possession of real property.[8] As we stated in *Modrok v. Marshall*, 523 P.2d 172, 173–174 (Alaska 1972):

> A suit' for forcible [entry and] detainer . . . substitutes the authority of the courts for private force to compel a citizen wrongfully in possession of real property to surrender it to another with a superior claim.

 The essence of the action is a dispute over possession.[9] A claim for rent is secondary and incidental to a determination of the right to possession.[10] Even a court of general jurisdiction, such as the superior court, is limited in what it can do in such an action. As stated in *MacRae v. Way*, 64 Wash.2d 544, 546, 392 P.2d 827, 829 (1964):

> In such proceedings the superior court sits as a special statutory tribunal, limited to deciding the primary issue of right to possession together with the statutorily designated incidents thereto, i. e., restitution and rent or damages.

Thus, in *MacRae*, where the plaintiff landlord had given up his right of possession to a third party, he could no longer sue for past due rent through an unlawful detainer action, but was "relegated to the processes of an ordinary civil action." [11]

Similarly, in *Tuschoff v. Westover*, 65 Wash.2d 69, 395 P.2d 630 (Wash.1964), where a landlord had obtained possession of the premises, the Supreme Court of Washington refused to allow him to pursue his claim for accrued rent in an unlawful detainer action, saying:

> The special summons employed in an unlawful detainer action is insufficient to give the court jurisdiction of the parties in a general proceeding. The court has obtained jurisdiction over the parties only for the limited statutory purpose of determining the issue of possession.
>
> . . . . . .
>
> The court obtained jurisdiction over the parties for a limited statutory purpose only, namely, to determine the issue of possession in an unlawful detainer action and, having obtained that limited jurisdiction, it committed error in transforming the special statutory proceeding into an ordinary lawsuit for accrued rentals. Hence, respondents' action for accrued rental is dismissed without prejudice to any other appropriate action.[12]

 We hold that the judgment of the district court was void for lack of jurisdiction.[13] Since the district court had no jurisdiction over actions for forcible entry and detainer, it also lacked jurisdiction to enter a judgment on the second cause of action for accrued rent under the special form of summons used in forcible entry and detainer actions. The court's jurisdiction was dependent upon the service of such process as would be required in an ordinary

---

(Wash.1964); *Kessler v. Nielsen*, 8 Wash. App. 120, 472 P.2d 616 (Wash.App.1970). The action was known in Alaska long before statehood; Congress adopted the forcible entry and detainer statutes of Oregon for the then Territory of Alaska in 1884. *See Steil v. Dessmore*, 3 Alaska 392 (1907).

8. The Oregon statute, later to become the law in Alaska,

"[W]as enacted in 1866 to alter the common law and obviate resort to self-help and violence. The statute, intended to protect tenants as well as landlords, provided a speedy, judicially supervised proceeding to settle the possessory issue in a peaceful manner. . . . *Lindsey v. Normet*, 405 U.S.

56, 71, 92 S.Ct. 862, 31 L.Ed.2d 36, 49 (1972).

9. *MacRae v. Way*, 64 Wash.2d 544, 392 P.2d 2d 827 (Wash.1964); *Kessler v. Nielsen*, 3 Wash.App. 120, 472 P.2d 616 (Wash.App. 1970).

10. *Id.*

11. 392 P.2d at 829.

12. 395 P.2d at 632.

13. Where the court issuing it is without jurisdiction, a judgment is void. *Holt v. Powell*, 420 P.2d 468, 471 (Alaska 1966); *Ex parte Oates*, 8 Alaska 319 (1931); *Myers v. Swineford*, 1 Alaska 10 (1888).

civil action. No such service was ever achieved.[14]

The judgment of the superior court is reversed and the matter remanded to that court with directions to enter an order setting aside the judgment of the district court.[15]

REVERSED AND REMANDED.

14. It further appears from the record in this case that McDowell had left Seward and was no longer in possession of the property when Lenarduzzi filed his original complaint. The purpose of the suit, once she had surrendered the property, was not to gain its possession, but to recover money for accrued rent. Thus, the forcible entry and detainer action, with its summary form and short notice, would not have been available for this, purpose, even if the district court had had jurisdiction over an action for possession brought pursuant to AS 09.45.070(a).

15. Having concluded that the judgment of the district court was void for lack of jurisdiction, we are not required to reach the other issues raised by this appeal.