Argued February 2, affirmed February 23, 1967

SCALES ET AL, *Respondents, v.* SPENCER ET UX, *Appellants.*

424 P. 2d 242

*George L. Hibbard,* Oregon City, argued the cause for appellants. With him on the brief were John C. Caldwell, and Hibbard, Jacobs, Caldwell & Kincart, and Misko, Njust & Ringle, Oregon City.

*Paul R. Biggs,* Oregon City, argued the cause for respondents. With him on the brief was Jack Olsen, Oregon City.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and FORT, Justices.

SLOAN, J.

In this action for forcible entry and wrongful detainer the district court for Clackamas county gave judgment against defendants. Defendants appealed

the judgment to the circuit court but refused to file the bond required by ORS 105.160. The circuit court dismissed the appeal. Defendants appeal here claiming that ORS 105.160 violates Article I, §§ 1, 10 and 20, of the Oregon Constitution.

ORS 105.160 provides that when a defendant appeals from a judgment for the restitution of property in such an action he must file a bond providing that if the judgment is affirmed on appeal the bondsman must guarantee payment to the plaintiff of "twice the rental value of the property of which restitution is adjudged from the commencement of the action * * *." Defendants argue that this statute discriminates against them and is a virtual denial of the right to appeal.

 An action for forcible entry and detainer "* * * is a special statutory proceeding, in derogation of the common law." *Purcell v. Edmunds,* 1944, 175 Or 68, 70, 151 P2d 629. The real issue to be decided is the possession of property. Although ORS 16.220 (i) allows plaintiff to join in his complaint "* * * an action for the rental due on the premises involved at the time of filing the complaint.", there is no means of collecting rent during the time required for a final judgment on appeal. The period of time that a nonpaying defendant could occupy the premises without paying rent between the date of the filing of the complaint and the final judgment could be substantial.

 Inasmuch as a final judgment for restitution could not include a judgment for rent pending appeal it appears obvious that the legislative purpose for requiring this particular bond on appeal was to guarantee that the rent pending an appeal would be paid. That the bond must provide for double the rental value

was, no doubt, intended to prevent frivolous appeals for the purpose of delay. If there were not some added cost or restriction every ousted tenant would appeal, regardless of the justification. It can also be assumed that the additional payment would compensate for waste or is in lieu of damages for the unlawful holding over. Since there is a legitimate purpose for the classification made by the statute, its constitutional validity is secure. *Mallatt v. Luihn et al,* 1956, 206 Or 678, 294 P2d 871. There is "no obstacle in sustaining the legislation if there is any rational basis for such special treatment." *State v. Pyle,* 1961, 226 Or 485, 490, 360 P2d 626. Since the bond is a prerequisite to appeal, *Danvers v. Durkin, supra,* the circuit court properly dismissed the appeal.

Affirmed.